# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
## DIVISION

In re: §
§
ANTHONY MICHAEL MLECZKO, Sr. § Case No. 12-03061
ELIZABETH ANN MLECZKO §
§
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter     of the United States Bankruptcy Code was filed on
   . The undersigned trustee was appointed on .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                    $

   Funds were disbursed in the following amounts:

   Payments made under an interim
   disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]           $

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was          and the deadline for filing governmental claims was . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $          . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $       as interim compensation and now requests a sum of $         , for a total compensation of $       [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $      , and now requests reimbursement for expenses of $      , for total expenses of $       [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.


Date:_____    By:/s/Joji Takada_____
                                        Trustee


**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| | | |
|---|---|---|
| Case No: 12-03061   BWB   Judge: Bruce W. Black | Trustee Name: | Joji Takada |
| Case Name: ANTHONY MICHAEL MLECZKO, Sr. | Date Filed (f) or Converted (c): | 01/30/2012 (f) |
| ELIZABETH ANN MLECZKO | 341(a) Meeting Date: | 02/27/2012 |
| For Period Ending: 09/09/2012 | Claims Bar Date: | 07/25/2012 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) DA=554(c) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Single Family Home 14836 S. Arboretum Drive Homer Glen Il 60 | 194,800.00 | 0.00 | | 0.00 | FA |
| 2. First Midwest Checking Acct # Xxxx983 11200 W. 143Rd Street | 290.00 | 0.00 | | 0.00 | FA |
| 3. Harris Bank Checking Acct # Xxx050 P.O. Box 94033 Palatine, | 128.00 | 0.00 | | 0.00 | FA |
| 4. Harris Bank Savings Acct # Xxx718 P.O. Box 94033 Palatine, I | 73.33 | 0.00 | | 0.00 | FA |
| 5. Various Everyday Household Goods & Furnishings Location: 148 | 1,500.00 | 0.00 | | 0.00 | FA |
| 6. Normal Everyday Wearing Apparell Location: 14836 Soth Arbore | 300.00 | 0.00 | | 0.00 | FA |
| 7. Wedding Rings Location: 14836 Soth Arboretum Drive, Homer Gl | 300.00 | 0.00 | | 0.00 | FA |
| 8. 2011 Estimated Tax Refund | 15,924.00 | 0.00 | | 10,215.33 | FA |
| 9. 2009 Honda Fit | 9,400.00 | 0.00 | | 0.00 | FA |
| 10. 2011 Toyota Sienna | 22,650.00 | 0.00 | | 0.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)   $245,365.33   $0.00   $10,215.33   $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Initial Projected Date of Final Report (TFR): 01/30/2014   Current Projected Date of Final Report (TFR): 01/30/2014

UST Form 101-7-TFR (5/1/2011) *(Page: 3)*

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

Case No: 12-03061
Case Name: ANTHONY MICHAEL MLECZKO, Sr.
ELIZABETH ANN MLECZKO
Taxpayer ID No: XX-XXX0142
For Period Ending: 09/09/2012

Trustee Name: Joji Takada
Bank Name: Congressional Bank
Account Number/CD#: XXXXXX6864
Checking Account
Blanket Bond (per case limit):
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 05/01/12 | 8 | Elizabeth Mleczko | Non-exempt funds<br>Non-exempt 2011 tax refund | 1129-000 | $10,215.33 | | $10,215.33 |

|   |   |   |
|---|---|---|
| COLUMN TOTALS | $10,215.33 | $0.00 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $10,215.33 | $0.00 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $10,215.33 | $0.00 |

UST Form 101-7-TFR (5/1/2011) *(Page: 4)*

Page Subtotals: $10,215.33 $0.00

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX6864 - Checking Account | $10,215.33 | $0.00 | $10,215.33 |
|  | $10,215.33 | $0.00 | $10,215.33 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $10,215.33 |
| Total Gross Receipts: | $10,215.33 |

Page Subtotals:                                              $0.00           $0.00

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 1:12-03061-BWB  
Debtor Name: ANTHONY MICHAEL MLECZKO, Sr.  
Claims Bar Date: 7/25/2012  

Date: September 9, 2012

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | Joji Takada<br>6336 North Cicero Avenue<br>Chicago, IL 60646 | Administrative | | $0.00 | $1,771.53 | $1,771.53 |
| 1 300 7100 | Nelnet On Behalf Of Us Dept Of Education<br>U.S. Dept Of Education<br>3015 South Parker Road Suite 400<br>Aurora Co 80014 | Unsecured | | $27,944.00 | $28,351.97 | $28,351.97 |
| 2 300 7100 | Illinois American Water<br>P.O. Box 578<br>Alton, Il 62002 | Unsecured | | $366.18 | $223.94 | $223.94 |
| 3 300 7100 | GE Capital Retail Bank<br>c/o Recovery Management Systems Corp<br>25 SE 2nd Ave Suite 1120<br>Miami FL 33131-1605 | Unsecured | | $1,114.00 | $1,115.32 | $1,115.32 |
| 4 300 7100 | GE Capital Retail Bank<br>c/o Recovery Management Systems Corp<br>25 SE 2nd Ave Suite 1120<br>Miami FL 33131-1605 | Unsecured | | $8,760.00 | $8,967.97 | $8,967.97 |
| 5 300 7100 | Fia Card Services N. A.<br>Fia Card Services, N.A. Successor To<br>Bank Of America, N.A. (Usa) And Mbna America Bank, N.A.<br>Po Box 15102<br>Wilmington, De 19886-5102 | Unsecured | | $10,172.00 | $9,996.19 | $9,996.19 |
| 6 300 7100 | Pyod, Llc Its Successors And Assigns As Assignee<br>Of Citibank<br>Resurgent Capital Services<br>Po Box 19008<br>Greenville, Sc 29602 | Unsecured | | $726.00 | $726.74 | $726.74 |
| 7 300 7100 | Pyod, Llc Its Successors And Assigns As Assignee<br>Resurgent Capital Services<br>Po Box 19008<br>Greenville, Sc 29602 | Unsecured | | $1,164.00 | $1,164.09 | $1,164.09 |
| 8 300 7100 | Capital One<br>Capital One, N.A.<br>C O Becket And Lee Llp<br>Pob 3001<br>Malvern, Pa 19355-0701 | Unsecured | | $1,682.00 | $1,682.25 | $1,682.25 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 1:12-03061-BWB  Date: September 9, 2012
Debtor Name: ANTHONY MICHAEL MLECZKO, Sr.
Claims Bar Date: 7/25/2012

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| | Case Totals | | | $51,928.18 | $54,000.00 | $54,000.00 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 12-03061
Case Name: ANTHONY MICHAEL MLECZKO, Sr.
    ELIZABETH ANN MLECZKO
Trustee Name: Joji Takada

Balance on hand                                                  $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Joji Takada | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses    $_____

Remaining Balance                                          $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $       must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $         have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be        percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Nelnet On Behalf Of Us Dept Of Education | $ | $ | $ |
| 2 | Illinois American Water | $ | $ | $ |
| 3 | GE Capital Retail Bank | $ | $ | $ |
| 4 | GE Capital Retail Bank | $ | $ | $ |
| 5 | Fia Card Services N. A. | $ | $ | $ |
| 6 | Pyod, Llc Its Successors And Assigns As Assignee | $ | $ | $ |
| 7 | Pyod, Llc Its Successors And Assigns As Assignee | $ | $ | $ |
| 8 | Capital One | $ | $ | $ |

Total to be paid to timely general unsecured creditors            $_____

Remaining Balance                                                 $_____

Tardily filed claims of general (unsecured) creditors totaling $         have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be       percent.

Tardily filed general (unsecured) claims are as follows:

NONE

  Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent.

  Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE